*581
ORDER

MICHEL, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Gerald F. Warren’s appeal for lack of jurisdiction. Warren opposes. Warren moves for reconsideration of the court’s order granting Warren’s former counsel leave to withdraw.*
On May 25, 2000, the Court of Appeals for Veterans Claims remanded Warren’s case to the Board of Veterans’ Appeals for readjudication of the issue of entitlement to an earlier effective date for a 100% rating for service-connected post-traumatic stress disorder (PTSD). On May 30, 2001, the Board remanded to the regional office for further action. Warren filed a petition for writ of mandamus with the Veterans Court complaining of the alleged delay by the Secretary in processing his claim. The Court of Appeals for Veterans Claims denied the petition stating that the “time taken by the VA to adjudicate the petitioner’s claim, although frustrating to the petitioner, must be unreasonable before this Court will inject itself into the VA’s adjudicative process.” Warren appealed.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
Warren argues in his response that this court should decide the merits of his case because the Supreme Court will not accept his petition for a writ of certiorari until this court issues a decision in this case. We note that a dismissal order is a final decision for purposes of filing a petition for a writ of certiorari.
In his informal brief, Warren asks us to order the VA to grant him benefits or, in the alternative, to order the VA to show cause why it has not complied with “prior Court rulings and it’s own laws.” Warren’s arguments focus on the length of time it has taken for the adjudication of his claim from its inception, but he does not specifically address the Veterans Court’s ruling. Because Warren does not challenge the validity or interpretation of any statute or regulation or raise a constitutional issue relating to this appeal, this court’s limited jurisdiction does not permit appellate review of the decision of the Court of Appeals for Veterans Claims. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
*582 (3) Warren’s motion for reconsideration is denied.
(4) Each side shall bear its own costs.

 In the earlier filed motion to withdraw, counsel stated that Warren consented to the withdrawal. Warren now states that he opposes. We note that Warren filed an informal brief, an indication that he was proceeding pro se, before the motion to withdraw was filed.